UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PTC, Inc.,

Plaintiff,

v.                                                          Civil Action No.  1:13-CV-12579-DPW

Centric Software, Inc.  and Scott Starr,

Defendants.

### PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY

Plaintiff PTC, Inc. ("PTC"), by and through its attorneys, hereby requests an order for expedited discovery so that it may (1) promptly determine the scope of Defendants Scott Starr's ("Starr") and Centric Software, Inc.'s ("Centric") conduct related to Starr's breach of his Non-Competition and Non-Solicitation Agreement (the "Agreement") with PTC and the extent of Defendants' misappropriation of PTC's confidential information and goodwill and (2) take appropriate action to address and seek to curtail any further harm resulting from such actions. In support of this Motion, PTC hereby states as follows:

1.      From 2002 until his resignation in June 2013, Starr worked for PTC, last serving as PTC's North America Sales Director.  After being misled about his future career intentions, PTC has now learned that, following his abrupt resignation from PTC, Starr joined Centric, a direct competitor of PTC in the product lifecycle management industry, as its Vice President of Sales.

2.      PTC received information that Starr, presenting himself as Centric's Vice President of Sales, solicited a client for whom he had worked at PTC and disparaged PTC to that client.  Specifically, Starr told the client that it had made a mistake purchasing a software

solution from PTC (which Starr himself had recommended to the client while working for PTC) and that the client should purchase a Centric solution instead.

3.      Starr executed a Non-Competition and Non-Solicitation Agreement on November 29, 2007 which, *inter alia*, provided that in exchange for financial remuneration including an equity interest in PTC, Starr would not join a competitor of PTC and would not solicit or otherwise attempt to take the business of PTC customers or accounts for a period of one year after termination of his employment with PTC.

4.      During his exit interview with PTC, Starr refused to identify his new employer and flatly denied that he would be joining Centric.

5.      PTC informed Centric by letters dated June 12, 2013 and September 6, 2013 that PTC employees were restricted from, *inter alia*, joining PTC's competitors (such as Centric) for a period of one year after termination of their employment with PTC.

6.      By letter dated September 6, 2013, PTC also reminded Starr of his non-competition and non-solicitation obligations under the Agreement.  Starr has not substantively responded to PTC's September 6 letter.

7.      On July 2, 2013, Centric acknowledged receipt of PTC's June 12 letter.  Centric thanked PTC for bringing its agreements to Centric's attention, but noted that Centric was not a party to the agreements between PTC and its employees.

8.      To the best of PTC's knowledge, Centric has taken no steps to ensure that neither it nor its employees, including Starr, will misappropriate or otherwise improperly use PTC's confidential information or goodwill; indeed, PTC has information that suggests Centric and Starr are using PTC's confidential information and goodwill for Centric's benefit.

9.      The Federal Rules of Civil Procedure contemplate that discovery may be expedited in appropriate circumstances.  Rules 26(a), 30(a), 33(a), 34(b) and 45(c)(1), which govern initial disclosures, depositions, requests for production of documents and subpoenas, respectively, each state that discovery may be served and responses may be required in advance of the standard time period provided by the Rules, either if the Court should so "direct[] by order" or if leave of Court is obtained. Here, considering the need for PTC to quickly determine the scope of Starr's and Centric's actions, expedited discovery is appropriate.

10.      Specifically, PTC asks the Court to allow expedited initial discovery as follows:

    a.      Starr shall, within 48 hours of the Court's allowance of this Motion, provide to PTC's designated forensic computer expert all USB flash drives or other storage devices to which he downloaded any PTC documents or information for the purposes of determining whether such storage devices contain PTC's confidential information or trade secrets;

    b.      Starr shall, within 72 hours of the Court's allowance of this Motion, provide to PTC's designated forensic computer expert all of the personal computers and other electronic devices in his possession, custody or control to which he had access since June 14, 2013 for the purposes of determining whether such computer(s) contain PTC's confidential information or trade secrets and whether any such confidential information or trade secrets have been disseminated to any third party;

    c.      Starr shall, by Friday December 6, 2013, provide to PTC an accounting of all PTC information or documents taken by him from PTC.

d.      Centric shall, by Friday December 6, 2013, provide to PTC an accounting of all PTC information or documents received by it from Starr or any other former PTC employee.

e.      PTC may serve document requests and/or interrogatories upon Starr and Centric by Monday December 9, 2013.

f.      Starr and Centric shall respond to such document requests and/or interrogatories, including the production of any responsive documents or information, by Tuesday December 17, 2014;

g.      Starr and Centric shall appear for their respective depositions on mutually agreeable dates no later than Monday December 23, 2013.


WHEREFORE, based on the foregoing reasons, PTC respectfully requests that the court grant its Emergency Motion for Expedited Discovery in its entirety.

Respectfully submitted,

/s/ Timothy P. Van Dyck
Timothy P. Van Dyck (BBO #548347)
Robert G. Young (BBO #650541)
Nathanael J. C. Nichols (BBO #685680)
Kevin Kam (BBO  #685846)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA  02199-7613
617.239.0100
tvandyck@edwardswildman.com
ryoung@edwardswildman.com
nnichols@edwardswildman.com
kkam@edwardswildman.com

November 20, 2013

## CERTIFICATE OF SERVICE

I, Kevin Kam, hereby certify, pursuant to Local Rule 5.2(b), that the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 20th day of November, 2013.

/s/ Kevin Kam